LEONARD H. SHIPMAN, as Receiver of THE F. GRAY COMPANY, Appellant, v. GEORGE C. TREADWELL et al., Respondents.

Stock corporations — action by receiver of insolvent Ohio corporation to enforce against stockholders thereof the double liability provided by Ohio statutes — action on judgment obtained in Ohio courts — when such action is barred by Ohio Statute of Limitations it is barred in this state (Code Civ. Pro. § 390a).

The Constitution of the state of Ohio in force at the time the defendants' stock subscriptions were made provided that each stockholder in a private corporation should be liable over and above the stock owned by him and any amount unpaid thereon to a further sum at least equal to the amount of such stock. Section 3258 of the Ohio Revised Statutes was to the same effect. This liability was secondary and contingent upon an insufficiency in the assets of the corporation to pay its debts. Proceedings were taken by one of the creditors of an insolvent Ohio corporation to recover under this provision against the defendants, among others, and a judgment was obtained in the courts of Ohio directing them to pay a sum assessed against them as such stockholders. The statutes of Ohio also provide: "§ 3258a. An action upon the liability of stockholders under the last preceding section (§ 3258) can only be brought within eighteen months after the debt or obligation shall become enforceable against stockholders." Section 390a of our Code of Civil Procedure provides in substance that where a cause of action arising outside the state is barred by lapse of time in the state or country where the cause of action arose, it is also barred in this state. This action was brought upon the Ohio judgment by the receiver therein appointed. *Held*, that such judgment is binding and conclusive upon the defendants in this action so far as it determined the amount of assets and liabilities of the insolvent corporation and the necessity of making an assessment upon the stock to the extent and in the amount ordered. *Held*, further, on examination of the facts and the statutes of Ohio, that this action is barred by the Statute of Limitation of that state.

*Shipman* v. *Treadwell*, 150 App. Div. 57, affirmed.

(Argued April 25, 1913; decided May 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered April 1, 1912, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* and *Charles M. Stern* for appellant. The appellate court below erred in its conclusion that if this action had been brought in the state of Ohio against a citizen of Ohio the eighteen months' Statute of Limitation would have barred the remedy. (*Converse* v. *Hamilton,* 224 U. S. 256; *Bernheimer* v. *Converse,* 206 U. S. 516; *Glenn* v. *Liggett,* 135 U. S. 533; *Younglove* v. *Lime Co.,* 49 Ohio St. 663; *R. R. Co.* v. *Smith,* 54 Ohio St. 562; *Hawkins* v. *Glenn,* 131 U. S. 319; *Irvine* v. *Bankard,* 181 Fed. Rep. 210; *Southworth* v. *Morgan,* 205 N. Y. 296.) This action is one upon a foreign judgment against which there is no limitation of the remedy. (*Miller* v. *Brenham,* 68 N. Y. 83, 87; *Union Nat. Bank* v. *Chapman,* 169 N. Y. 538; *Southworth* v. *Morgan,* 205 N. Y. 296; *Durant* v. *Abendroth,* 97 N. Y. 132; *Stone* v. *Penn Yan, etc., Co.,* 197 N. Y. 284; *Pringle* v. *Woolworth,* 90 N. Y. 508; *Lazier* v. *Westcott,* 26 N. Y. 146; Code Civ. Pro. § 1200; *R. R. Co.* v. *Smith,* 54 Ohio St. 562.) Assuming that the action is not based upon a final judgment, then it is an action in the nature of a creditor's action, and the only Statute of Limitation applicable thereto is ten years. (*Bergman* v. *Lord,* 194 N. Y. 70.) Assuming that the eighteen months' limitation was, by section 390a of our Code of Civil Procedure, made applicable as a Statute of Limitation, nevertheless the cause of action this receiver had against these respondents did not accrue until the order was made by the court appointing him receiver, directing him to collect by proper proceedings in this state against these respondents, and until thereupon he had made

demand of these respondents to pay each the amount so assessed against him. (*Glenn* v. *Liggett*, 135 U. S. 533; *Howarth* v. *Angle*, 162 N. Y. 187; *Hawkins* v. *Glenn*, 131 U. S. 319; *G. W. Tel. Co.* v. *Purdy*, 162 U. S. 329; *Bernheimer* v. *Converse*, 206 U. S. 516; *Scoville* v. *Thayer*, 105 U. S. 143; *Hatch* v. *Dana*, 101 U. S. 205.)

*James F. Tracey* for respondents. This action was not brought within the term of eighteen months expressly made by the Ohio statute a condition of its maintenance. (Ohio R. S. § 3258a; *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *Hamilton*, 224 U. S. 243; *Shipman* v. *Treadwell*, 200 N. Y. 477; *Howarth* v. *Angle*, 162 N. Y. 188.) The eighteen months' statute is available as a defense to an action in this state. (*Johnson* v. *Phœnix Bridge Co.*, 133 App. Div. 807; *Colell* v. *D., L. & W. R. Co.*, 80 App. Div. 342; *Watertown Bank* v. *Bagley*, 134 App. Div. 836; *Broadway Bank* v. *Baker*, 176 Mass. 294; *Brunswick Terminal Co.* v. *National Bank*, 99 Fed. Rep. 635; *Hudson* v. *Bishop*, 32 Fed. Rep. 519; *Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 756; *Whitman* v. *Citizens' Bank*, 110 Fed. Rep. 503; *Pittsburg Co.* v *Hine*, 25 Ohio St. 629; *Younglove* v. *Lime Co.*, 49 Ohio St. 663; *Hawkins* v. *Furnace Co.*, 40 Ohio St. 507.)

CUDDEBACK, J. This action was brought to charge the defendants as stockholders of an Ohio corporation with the amount of an assessment upon their stock to pay the debts of the corporation.

The Constitution of the state of Ohio, in force at the time the defendants' stock subscriptions were made, provided that each stockholder in a private corporation should be liable over and above the stock owned by him, and any amount unpaid thereon, to a further sum at least equal to the amount of such stock. Section 3258 of the Ohio Revised Statutes was to the same effect. Under the law of Ohio the subscriber for stock in a private cor-

poration assumed the liability imposed by the Constitution and Revised Statutes as part of his subscription agreement. But the liability was secondary and contingent upon an insufficiency in the assets of the corporation to pay its debts.

Sections 3260 et seq. of the Revised Statutes of Ohio provide that a creditor of a corporation, seeking to charge the stockholders thereof with the liability aforesaid, may file his complaint for that purpose in any court of Common Pleas having jurisdiction. The court is authorized to take an account and appoint a receiver of the corporation. All the stockholders may be made parties to the action and non-resident stockholders may be brought in by publishing notice of the action. If the assets of the corporation are not sufficient to pay its debts, the court is directed to ascertain the liability of the stockholders, adjudge the amount payable by each and enforce the judgment as in other cases. The receiver appointed in such proceeding is a quasi-assignee invested with the creditors' right of action to enforce the liability of the stockholders, and the court may direct the receiver to prosecute suits in his own name, as may be necessary, in other jurisdictions to collect from any stockholders.

By sections 5651 et seq. of the Revised Statutes it is provided that a corporation may be dissolved if insolvent, or if the objects of the corporation have failed, upon the application of a majority of the stockholders, and a distribution made of its assets among those entitled thereto.

The corporation concerned in the case now before the court was declared insolvent in proceedings instituted by a majority of its stockholders under section 5651 of the Revised Statutes on April 16, 1901, and an order was then made dissolving the corporation.

Thereafter and on June 22, 1901, an action was brought in the Court of Common Pleas of Miami county by a creditor of the corporation against all the stockholders, including these defendants, under section 3260 of the

Revised Statutes, and a receiver of the corporate property was appointed. Notice of such action was given to these defendants by publication thereof, pursuant to an order of the court. The defendants are residents of this state. They were not personally served with process in the action brought in the Court of Common Pleas, and did not appear in such action. The defendant George C. Treadwell had subscribed for and held seventy-two shares of stock in the company, and the defendant Wilhelmina W. Collins fifty shares.

On May 6, 1907, a final judgment was rendered by the Court of Common Pleas in the creditor's action against the stockholders, determining the amount of the indebtedness of the corporation after exhausting its assets, and the amount that would be required as an assessment upon each of the solvent stockholders to pay the deficiency in such indebtedness. In and by such judgment the sum of $4,458.24 was assessed against the defendant Treadwell, and $3,096 against the defendant Collins, and they were ordered to pay those amounts to the receiver of the company, the plaintiff in this action, on or before the first day of June, 1907.

The judgment also authorized and empowered the receiver to prosecute, in his own name as receiver, actions against non-resident stockholders in the jurisdictions where they might be found, to collect the amount due from them. Subsequently and on October 5, 1908, the plaintiff, as receiver, was specially directed by the Court of Common Pleas to sue these defendants in this state, they having failed to pay their assessments on demand.

The trial court found, as matter of fact, the laws of Ohio and the proceedings in its courts as hereinbefore set forth. They are substantially the facts alleged in the complaint, and it has been held by this court that the complaint states a cause of action. (*Shipman* v. *Treadwell*, 200 N. Y. 472.)

The defendants, however, now plead the Statute of Limitations contained in section 3258a of the Ohio Revised Statutes, viz.:

"§ 3258a. An action upon the liability of stockholders under the last preceding section (§ 3258) can only be brought within eighteen months after the debt or obligation shall become enforceable against stockholders."

Upon this section (3258a), taken in connection with section 390a of our Code of Civil Procedure, the defendants mainly rely to defeat the plaintiff's claim. Section 390a of the Code of Civil Procedure provides in substance that where a cause of action arising outside the state is barred by lapse of time in the state or country where the cause of action arose, it is also barred in this state.

It is the claim of the defendants that the plaintiff's cause of action arose in the state of Ohio on May 7, 1907, the date of the rendition of the judgment in the creditor's action against the stockholders, or, at the latest, on June 1, 1907, the date when the defendants were required to pay their assessments to the receiver. The action in this state was begun December 10, 1908, more than eighteen months after the entry of the Ohio judgment, and after the time of payment fixed by the judgment.

It is the claim of the plaintiff that the creditor's cause of action against the stockholders accrued at the time the corporation was declared insolvent and dissolved on April 16, 1901, and that it was subject to the limitation of the general six-year statute of the state of Ohio. Inasmuch as the creditor's suit against the stockholders was instituted on June 22, 1901, it was brought in time. To sustain this position, the plaintiff cites *Barrick* v. *Gifford* (47 Ohio St. 180) and *Younglove* v. *Lime Co.* (49 Ohio St. 663). The plaintiff also claims that this action is merely ancillary to the creditor's suit in Ohio.

I think the cases cited by the plaintiff show that the action begun in Ohio by the creditors against the stockholders was timely brought, but I am also of the opinion

that the receiver's action in this state is barred by the eighteen months' Statute of Limitation.

The suit in Ohio has a double aspect. It was a suit to wind up the affairs of the insolvent corporation and apply its assets in payment of its debts, and if a deficiency existed, to determine how much each stockholder should pay to make up the deficiency. To that extent, the court had jurisdiction to proceed against the defendants not personally served with process. But as to the defendant stockholders who were personally served, the court could and did go further and render a judgment against them *in personam* for the amount of their liability.

Under the decisions both of this court and the United States Supreme Court, and upon the facts found by the trial judge as to the laws of the state of Ohio and the proceedings in its courts, it must be held that the judgment rendered in the Court of Common Pleas is binding and conclusive upon the defendants in this action so far as it determined the amount of assets and liabilities of the insolvent corporation and the necessity of making an assessment upon the stock to the extent and in the amount ordered. (*Matter of Empire City Bank*, 18 N. Y. 199; *Shipman* v. *Treadwell*, 200 N. Y. 472, 477; *Howarth* v. *Angle*, 162 N. Y. 179; *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *Hamilton*, 224 U. S. 243.)

These defendants, of course, remained free to show any defense personal to themselves against the creditor's claim. (*Lazier* v. *Westcott*, 26 N. Y. 146; *Durant* v. *Abendroth*, 97 N. Y. 132; *Bernheimer* v. *Converse*, 206 U. S. 516, 518.)

The fact, however, that such personal defenses remained to the defendants is not very important at this time because the defense of the eighteen months' Statute of Limitation does not controvert anything decided by the Ohio court. There is no question about giving full faith and credit to the judicial proceedings of another state as required by the Federal Constitution. The defense now

urged is a defense which has arisen since the judgment of the Ohio court was made.

The question is, when did the receiver's cause of action against these defendants accrue? In determining that question, it is necessary to understand clearly the position which the receiver occupies in our courts. The receiver, the plaintiff, is not here as an officer of the Ohio court, seeking by an auxiliary suit to enforce the judgment of that court. If such were his standing, the action could not be maintained. (*Hale* v. *Allinson*, 188 U. S. 56; *Great Western M. & M. Co.* v. *Harris*, 198 U. S. 561.)

The plaintiff is here as a quasi-assignee and representative of the creditors, invested with their rights of action against the stockholders, and charged with the enforcement of those rights in the courts of this state. (*Converse* v. *Hamilton, supra.*) He has a transitory right of action, based on a contract of the defendants to pay the creditors of the corporation on account of their claims a sum equal to the amount of the stock which the defendants own. (Ibid.)

Many cases involving the power and authority of such receivers in jurisdictions foreign to the place of their appointment have been before the United States Supreme Court, and it has been held among other things that the cause of action in favor of the receiver does not accrue until the judgment is rendered, fixing and determining the amount of the assessment upon the stock. (*Glenn* v. *Marbury*, 145 U. S. 499; *Bernheimer* v. *Converse*, 206 U. S. 516; *Hawkins* v. *Glenn*, 131 U. S. 319; *Glenn* v. *Liggett*, 135 U. S. 533.)

These cases are decisive of the question. The receiver's cause of action accrued on May 6, 1907, the date of the rendition of the judgment in the creditor's suit against the stockholders, or on June 1, 1907, the date fixed by such judgment for paying the assessment. The judgment contained the direction that the plaintiff as receiver sue the non-resident stockholders in the jurisdictions

where they might be found. The subsequent order of the Court of Common Pleas, made October 5, 1908, ordering the receiver specially to sue these defendants on their refusal to pay the assessments, was a mere direction to the officer of the court that would protect him in expending the trust funds in his hands, and did not confer on him additional power. Nor did the fact that a demand was necessary postpone the operation of the Statute of Limitations (Code of Civil Procedure, § 410).

Inasmuch as the plaintiff receiver delayed in bringing this action until December 10, 1908, he delayed too long, and his suit is barred by the provisions of section 3258a of the Ohio Revised Statutes, and section 390a of the Code of Civil Procedure.

The plaintiff contends that section 3258a does not apply to his cause of action, for the reason that it has reference only to the liability of the stockholders "under the last preceding section," which is section 3258. The plaintiff says that this action is not brought under section 3258 as it now stands. This is a statement in another form of the plaintiff's claim that his action is ancillary to the creditor's suit in Ohio.

In order to understand the matter, it is necessary to look somewhat into the history of sections 3258 and 3258a. As has been said, the Constitution of the state of Ohio, in force when the defendants' stock subscriptions were made, provided the double liability now sought to be enforced against them. Section 3258 of the Revised Statutes was an enactment following substantially the language of the Constitution. Under the Constitution and section 3258 of the Revised Statutes the courts of Ohio held that an action to enforce the liability of the stockholders was subject to the general six-year Statute of Limitations. (*Barrick* v. *Gifford; Younglove* v. *Lime Co., supra.*) Thus the law stood on June 22, 1901, when the creditor's action was brought in the Court of Common Pleas.

On April 29, 1902, section 3258 was amended so as to limit the liability of stockholders who had in good faith assigned their stock before the debts of the corporation became enforceable against them. By the same act section 3258a was added to the Revised Statutes as follows:

"§ 3258a. An action upon the liability of stockholders can only be brought within eighteen months after the debt or obligation shall become enforceable against stockholders."

The amendment to section 3258, whereby the attempt was made to limit the liability of stockholders, was declared unconstitutional. (See cases cited in *Sheets Mfg. Co.* v. *Neer Mfg. Co.*, 4 Ohio Nisi Prius [N. S.], 201.) Afterwards, on November 23, 1903, the Constitution of the state of Ohio was amended by striking out the provision imposing the double liability on stockholders and making them liable only for the amount unpaid on their stock subscriptions. It was held that the amendment to the Constitution repealed by implication section 3258 of the Revised Statutes. (*Sheets Mfg. Co.* v. *Neer Mfg. Co.*, *supra.*) Then there was no provision of the Ohio Revised Statutes preserving the liability of stockholders in cases where it had existed before the constitutional amendment of 1903. In order to supply this omission, the legislature on April 25, 1904, re-enacted section 3258 (in the form, however, in which it had been declared unconstitutional) with a proviso that the section should not apply to debts incurred by any corporation after November 23, 1903, the date of the constitutional amendment. The act also amended section 3258a of the Revised Statutes so as to read as follows:

"§ 3258a. An action upon the liability of stockholders under the last preceding section can only be brought within eighteen months after the debt or obligation shall become enforceable against stockholders."

It seems to me that it was the intention of the legislature to preserve by statutory enactment the double lia-

# 414     SHIPMAN v. TREADWELL.

bility of the stockholders under the old Constitution, and the old statute, in all cases where such liability had existed prior to the constitutional amendment, and that this intention was expressed in sections 3258 and 3258a of the Revised Statutes adopted in 1904. The legislature did indeed persist in its attempt to protect the holders of stock who had in good faith assigned their holdings before the debts of the · corporation became enforceable, but that in no way affects the plaintiff in this case. The plaintiff has no cause of action whatever under the statutes of the state of Ohio other than that given by section 3258 of the Revised Statutes. It may be as the plaintiff claims that the liability of the stockholders would have survived the constitutional amendment of 1903. But nevertheless it is the liability imposed by section 3258 and consequently it must be enforced within the time prescribed by section 3258a.

The plaintiff also cites the case of *Blackburn* v. *Irvine, Receiver* (205 Fed. Repr. 217). That case relates to these same Ohio statutes. It was a suit brought in the United States District Court for the western district of Pennsylvania against a resident of Pennsylvania on a judgment recovered in the courts of Ohio in an omnibus action against all the stockholders, wherein the defendant was not personally served with notice of the action. The corporation in that case became insolvent in 1897, and the omnibus action was brought within six years, but more than eighteen months thereafter. The defendant pleaded as a defense in the action brought by the receiver that the omnibus action in the courts of Ohio had not been brought within the time limited by section 3258a of the Revised Statutes enacted in April, 1902. The court held that section 3258a was not retroactive and did not apply to a cause of action which accrued in 1897, and that to give the section a retroactive effect would render it unconstitutional.

In the case at bar no attempt is made to give section 3258a a retroactive effect. On the contrary, it is held that it applies to a cause of action which accrued in 1907, some five years after the section was added to the Revised Statutes. The contingent and secondary liability of these stockholders may have existed before 1902, but the right to bring this action, the action now before the court, came into existence in 1907.

The decision in *Blackburn* v. *Irvine* (*supra*) further holds that a stockholder residing in Pennsylvania, who is made a party but not personally summoned in an action brought by a creditor of an insolvent corporation in the courts of Ohio, and under the laws of that state, to enforce the double liability of stockholders, cannot, when subsequently sued in the place of his residence, interpose the defense that the action by the creditor in the Ohio court was not brought within the time limited by law. That defense, the court said, should have been raised in the Ohio court.

It is not argued here that the action brought in the court of Ohio by the creditors against these defendants and the other stockholders was not timely brought. The argument is that the Statute of Limitations has run against the Ohio judgment itself. Nothing that was decided by the court in *Blackburn* v. *Irvine* in any way aids the plaintiff to maintain this suit.

I recommend that the order and judgment appealed from be affirmed, with costs in all courts, and judgment absolute be rendered against the plaintiff on his stipulation.

WERNER, HISCOCK, COLLIN and MILLER, JJ., concur; CULLEN, Ch. J., and GRAY, J., concur in result.

Order and judgment affirmed.