## SULLIVAN v. SWAIN et al.

### (Circuit Court, S. D. California. August 28, 1899.)

### No. 726.

JURISDICTION OF FEDERAL COURTS—AMOUNT INVOLVED—SUIT BY RECEIVER OF ANOTHER FEDERAL COURT.

To confer jurisdiction on a federal court of a suit brought by a receiver of another court, though by reason of the fact that he is the receiver of a federal court the suit be regarded as one arising under the laws of the United States, it·is essential that it should involve the jurisdictional amount of $2,000.

This was a suit for foreclosure, brought by William K. Sullivan, as receiver of the American Building, Loan & Investment Society, against Herbert Swain and others. On motion to dismiss for want of jurisdiction.

Holdridge O. Collins (Lorin C. Collins, Jr., and William Meade Fletcher, of counsel), for complainant.

Grave, O'Melveny & Shankland, for defendants.

WELLBORN, District Judge. The original complainant, William K. Sullivan, who, on his ex parte petition, was appointed an ancillary receiver by this court prior to the institution of said suit, having since died, and the petition of one Henry Brant to be appointed successor to said Sullivan having been denied by an order this day entered in Re Brant (No. 722) 96 Fed. 257, for lack of jurisdiction, and the appointment of said Sullivan having, for the same reason, in the same order, been vacated, it follows that, in determining the question of jurisdiction in the pending suit, the suit must be considered as an independent suit for foreclosure, brought by a foreign receiver, and without any reference whatever to said appointment. Under these circumstances it seems to me that there is no escape from defendants' contention that, inasmuch as the matter in dispute is less than $2,000, this court is without jurisdiction. If it be conceded that the suit is one arising under the constitution and laws of the United States because brought by the receiver of a federal court, still the other requisite to federal jurisdiction, namely, that the amount involved must exceed $2,000, is lacking. It is true that where a receiver, in administering his trust, brings an action in the court which appointed him, such court has jurisdiction of the action without regard to the amount involved or the citizenship of the parties (White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018; Lanning v. Osborne, 76 Fed. 319); but in such a case the jurisdiction is upheld on the ground that the action is but auxiliary to—indeed a part of—the original suit, in which the receiver was appointed. This ground of jurisdiction, however, manifestly does not exist where the receiver sues in a jurisdiction other than that of his appointment. The suit will be dismissed for lack of jurisdiction.