LEONARD H. SHIPMAN, as Receiver of the F. GRAY COMPANY, Respondent, *v.* GEORGE C. TREADWELL et al., Appellants. .

Judicial comity — when a receiver of an insolvent corporation, in another state, may maintain an action in this state, against a stockholder resident therein, to enforce a liability created by a statute of the foreign state.

It is the rule that where a foreign statute which creates the liability of a stockholder also provides a remedy for the enforcement of that liability, such remedy is exclusive and our courts will not intervene to enforce it. The remedy referred to, however, is the remedy against the stockholder who is a resident of this state and a non-resident of the state which is the domicile of the corporation.

A receiver of an insolvent corporation in another state, who is a *quasi* trustee invested with all the rights possessed by its creditors and entitled to commence an action involving its property, funds and assets, including the right to enforce the liability of stockholders for its debts imposed by the statutes of the state where the corporation had its domicile, will be permitted, in the interest of interstate comity, to bring an

action in this state to enforce such liability against a resident stockholder, where it appears that the same liability has been determined as to all the stockholders in the foreign court, and the remedy sought does not involve any departure from our practice nor conflict with public policy, or result in injustice to any of our citizens. (*Howarth* v. *Angle,* 162 N. Y. 179, followed.)

*Shipman* v. *Treadwell,* 134 App. Div. 991, affirmed.

(Argued January 12, 1911; decided January 27, 1911.)

Appeal from a final judgment, entered November 19, 1909, upon the defendants' refusal to withdraw their demurrer and interpose an answer after the entry of an order of the Appellate Division of the Supreme Court in the third judicial department, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The facts, so far as material, are stated in the opinion.

*James F. Tracey* for appellants. The right to recover in courts of this state against residents as stockholders in foreign corporations is a limited one. (*Marshall* v. *Sherman,* 148 N. Y. 9; *Lowry* v. *Inman,* 46 N. Y. 119; *Christensen* v. *Eno,* 106 N. Y. 97; *C. R. Co.* v. *Kent,* 87 Hun, 329; *Wigton* v. *Kenny,* 51 App. Div. 215; *Stoddard* v. *Lum,* 32 App. Div. 565; 159 N. Y. 265; *Sigua Iron Co.* v. *Brown,* 171 N. Y. 488, 502; *K. T. Co.* v. *Iselin,* 185 N. Y. 54; *F. Nat. Bank* v. *Francklyn,* 120 U. S. 747.)

*Andrew J. Nellis* and *Charles M. Stern* for respondent. Respondent is prosecuting the distinct and complete remedy provided by the Ohio statutes. (*Howarth* v. *Angle,* 162 N. Y. 179; *Corning* v. *McCullough,* 1 N. Y. 47; *Matter of Jones,* 172 N. Y. 575; *Lang* v. *Lutz,* 180 N. Y. 254; *Wright* v. *McCormick,* 17 Ohio St. 87; *Brown* v. *Hitchcock,* 36 Ohio St. 667; *Kulp* v. *Fleming,* 65 Ohio St. 321; *King* v. *Armstrong,* 50 Ohio St. 222; *Smith* v. *Johnston,* 57 Ohio St. 486; *Security Trust Co.* v. *Ford,* 75 Ohio St. 322.)

Werner, J. This is an action brought by a receiver of an Ohio corporation to recover from stockholders thereof residing

within this state their equal and ratable proportion of a deficiency in corporate assets with which to pay the corporate debts. The appeal is from a final judgment entered after the affirmance of an interlocutory judgment overruling the defendants' demurrer to the complaint. The demurrer was based upon two grounds : 1. That there is a defect of parties defendant. 2. That the complaint does not state facts sufficient to constitute a cause of action. As the first of these grounds is not urged upon this appeal, we shall proceed at once to a consideration of the second.

The complaint is so voluminous that we cannot attempt to paraphrase, much less to reproduce, it in detail, and we shall simply summarize its most salient and essential features. It first sets forth the organization of the corporation under the laws of the state of Ohio, and its continuance until about April 16, 1901, when proceedings for its dissolution eventuated in a decree to that end made by a court of competent jurisdiction ; that the defendants, at some time prior to December, 1900, became stockholders of the corporation under an agreement that the laws of the state of Ohio then existing and thereafter to be enacted with reference to domestic corporations in that state, their organization, the liability of stockholders, the ascertainment thereof, the dissolution of the corporation, and the application of its assets, including the liability of stockholders under and pursuant to the laws of that state, should be taken as part and parcel of the agreement whereby the defendants severally agreed to become members of the corporation ; that under the laws of Ohio stockholders in domestic corporations are liable to the creditors of such corporations over and above the stock owned by them, and any amount unpaid thereon, to a further sum at least equal in amount to such stock, equally and ratably, and not one for another; that prior to December 10th, 1900, a majority of the stockholders of said corporation instituted a proceeding for the dissolution of said corporation in a court of general jurisdiction in that state, in which the corporation and its stockholders, including these defendants, were parties; that pursuant to

the practice which obtains in that state the court appointed a receiver and a master commissioner, the one to take and hold the assets of the corporation and the other to take such proofs as might be necessary to determine whether the corporation was solvent or insolvent, the extent and value of its assets and the nature and amount of its indebtedness; that such proceedings were had that the corporation was declared insolvent and that an assessment would have to be made upon the stockholders to satisfy the corporate debts; that under the direction of the court an assessment was made upon each of the stockholders, including the defendants, of $61.92 per share upon the stock owned by them; that such assessment against the defendant Treadwell amounted to $4,458.24 and against the defendant Collins to $3,096.00, these amounts representing the *pro rata* shares which each of these defendants had been adjudged liable to pay for the purpose of making good the deficiency in the corporate assets necessary to satisfy the corporate debts; and that there are no creditors of the corporation residing within this state; that all the tangible assets within the state of Ohio have been used in the payment of the corporate debts, and that it is necessary for the plaintiff as receiver, representing both corporation and creditors, to proceed against these defendants to compel them to contribute their equal and ratable share toward the payment of the still remaining indebtedness of the corporation. The prayer of the complaint is that plaintiff be permitted in this state to enforce against the defendants the contracts thus entered into by them in the state of Ohio; that the amount of the deficiency remaining after the application of all the other assets of the said corporation to the payment of its debts be ascertained; that it be determined that the expenditures in the conversion of assets and the collection of claims and accounts of the said corporation, made within the state of Ohio and elsewhere, including legal and other incidental expenses, were not unreasonable or extravagant, and that plaintiff be permitted to recover of the defendants the respective amounts assessed against them with interest and costs.

All of the proceedings which we have thus sketched in barest outline are recited in the complaint in voluminous detail, supplemented by allegations concerning the statutes of Ohio which are germane to the subject and the construction given to such statutes by the courts of that state.

In the comparatively recent case of *Howarth* v. *Angle* (162 N. Y. 179) this court decided that a receiver of an insolvent corporation in another state, who is a *quasi* trustee invested with all the rights possessed by its creditors and entitled to commence an action involving its property, funds and assets, including the right to enforce the liability of stockholders for its debts imposed by the statutes of the state where the corporation had its domicile, would be permitted, in the interest of interstate comity, to bring an action in this state to enforce such liability against a resident stockholder, where it appears that the same liability has been determined as to all the stockholders in the foreign court, and the remedy sought does not involve any departure from our practice, nor conflict with public policy, nor result in injustice to any of our citizens.

A comparison of the allegations of the complaint in the case at bar with the opinion in the *Howarth* case clearly shows that this complaint does state facts sufficient to constitute a cause of action unless the pleader here has stated too much rather than too little. That seems to be the theory upon which this demurrer was interposed, for the learned counsel for the appellants argues that it appears upon the face of the complaint that the proceedings therein pleaded as having been pursued in the courts in the state of Ohio, and the statutes of that state under which they were taken, provide a distinct and complete remedy of which the plaintiff has availed himself, and which, under the doctrine of the *Howarth* case, must be held to be exclusive.

It is doubtless the rule that where a foreign statute which creates the liability of a stockholder also provides a remedy for the enforcement of that liability, such remedy is exclusive and our courts will not intervene to enforce it. (*Lowry* v.

*Inman,* 46 N. Y. 119; *Christensen* v. *Eno,* 106 N. Y. 97; *Howarth* v. *Angle, supra.*)   But it is also obvious that the remedy referred to in these cases is the remedy against the stockholder who is a resident of this state and a non-resident of the state which is the domicile of the corporation, for if it were not so no proceeding could be instituted against stockholders residing in the domicile of a corporation without cutting off any right of action against stockholders who reside outside of that domicile.   The complaint herein does recite certain proceedings in the Ohio courts to which all the stockholders, including the defendants, were parties, but it is also set forth that the defendants were served by publication and did not appear in the foreign tribunal, so that as to them the proceedings there were *in rem* and not *in personam.*

As to these defendants the only remedy which seems to have been provided by the statutes of Ohio is the right of the court to authorize and direct the receiver to prosecute the stockholders' liability in other jurisdictions, and that is the precise remedy which the plaintiff is pursuing.   It is true that neither the provisions of the foreign statute, nor the orders of the foreign courts have any extra-territorial force, but it is equally true that the remedy thus provided is in fact no remedy if it cannot be prosecuted in the state where the stockholder resides.   For all practical purposes this case is no different from one in which it appears that the foreign statute has provided no remedy and the foreign court has made no direction, and such a case falls directly within the rule of *Howarth* v. *Angle.*   In view of the very ample consideration of the subject in that case, we deem it unnecessary to continue this discussion, since the only difference between the two cases seems to be that the case at bar comes to us upon demurrer and the *Howarth* case was affirmed upon the merits.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed.