BLUEFIELDS S. S. CO., Limited, v. STEELE.

(Circuit Court of Appeals, Third Circuit. February 7, 1911.)

No. 1,410 (34).

1. COURTS (§ 276*)—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT—
WAIVER OF OBJECTION.

The objection to the jurisdiction of a particular federal Circuit Court of a suit between citizens of different states because neither of the parties is a resident of the district is waived by the defendant by appearing and filing a motion to vacate an order on grounds going to the merits of the bill as well as for want of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Waiver of right as to district in which suit may be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

2. COURTS (§ 300*)—JURISDICTION OF FEDERAL COURTS—SUIT FOR APPOINTMENT OF ANCILLARY RECEIVER.

Where a receiver, appointed by a federal court, by reason of the character of his appointment, or because of local policy or the rights of local creditors, is not permitted to sue in a jurisdiction other than the one in which he was appointed, a bill may be filed in another federal court for the appointment of an ancillary receiver, and, the ultimate object of such proceeding being to aid the purpose of the original suit, it is in that sense ancillary, and jurisdiction thereof does not depend on diversity of citizenship of the parties.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 300.*

Suits by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

3. RECEIVERS (§ 206*)—BILL FOR APPOINTMENT OF ANCILLARY RECEIVER—REQUISITES.

A court whose aid is invoked by the appointment of an ancillary receiver must alone determine whether the case is a proper one for the granting of such relief under the rule of comity, which is not a rule of law, but one of practice, convenience, and expediency, and to that end the bill should fully disclose the nature of the suit in which the receiver was appointed by the court of primary jurisdiction and the ground and purpose of such appointment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 410; Dec. Dig. § 206.*]

4. RECEIVERS (§ 206*)—BILL FOR APPOINTMENT OF ANCILLARY RECEIVER—SUFFICIENCY.

A bill filed by a stockholder in the federal court for the Eastern district of Pennsylvania asked the appointment of an ancillary receiver for a corporation for the sole purpose of bringing an action for treble damages under the federal anti-trust law against a party not a citizen nor resident of Pennsylvania, there being no allegation that there was any tangible property of the corporation within the district. The bill alleged the appointment of a general receiver by a federal court in Louisiana which was the domicile of defendant, but did not disclose the nature of the suit nor set out a copy of the original bill or order of appointment, nor did it show that the action which it was sought to have brought by the ancillary receiver could not be brought in Louisiana. It alleged facts tending to show that the corporation had a right of action for such damages, and that the directors had refused to bring the action, but not that

the Louisiana receiver was appointed on such ground or for such purpose. *Held*, that it was insufficient to justify the appointment prayed for.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 410; Dec. Dig. § 206.*]

Buffington, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by Frederick M. Steele against the Bluefields Steamship Company, Limited. From an order appointing an ancillary receiver, defendant appeals. Reversed.

Francis Rawle, for appellant.

Alexander Simpson, Jr., Ernest Dale Owen, and John G. Johnson, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. This is an appeal from an interlocutory order of the Circuit Court of the Eastern District of Pennsylvania appointing an ancillary receiver for the Bluefields Steamship Company, Limited. The complainant, Frederick M. Steele, is a citizen of the state of Illinois, and the defendant, the Bluefields Steamship Company, Limited, hereafter called the "Bluefields Company," is a corporate citizen of the state of Louisiana. The bill contains allegations of fact tending to show that the Bluefields Company has a right of action for threefold damages under the seventh section of the anti-trust act of July 2, 1890, against the United Fruit Company, hereafter called the "United Company," which is a corporate citizen of the state of New Jersey, and that the Bluefields Company refuses to prosecute any action for the recovery of such damages. But the only reference in the bill of complaint to any primary receivership is in its tenth and eleventh paragraphs, which are as follows:

"Tenth. Your orator further says that heretofore, to wit, on the 3d day of December, 1909, a bill in chancery was duly filed by your orator in the United States Circuit Court for the Eastern District of Louisiana, complaining of the said Bluefields Company and others on account of the various matters and things set up in said bill, to which said bill the United Fruit Company was made a party defendant, was duly served with process, and appeared by counsel. That among other things in said bill there was a prayer for the appointment of a receiver to take over the property and conduct the business of the said Bluefields Company. That said bill was so proceeded upon that said Circuit Court appointed one Elmer E. Wood as receiver on the 3d day of December aforesaid. Afterwards a motion was filed by the defendant in said cause to procure the discharge of such receiver, which motion was overruled by the court, whereupon an appeal was taken from the order of the court appointing such receiver and the order overruling the motion to discharge the same, which appeal is still pending and undetermined.

"Eleventh. As a part of the order overruling the motion to discharge said receiver, it was ordered by said court that the receiver should take over the property of said company and actively operate the same, and upon the allowance of said appeal the said court entered as a part of said order a supersedeas to that part of the decree; but the appointment of the receiver has not been suspended by the supersedeas aforesaid and is still in full force and effect."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The prayer of the bill is:

"That your honorable court will forthwith appoint a receiver ancillary to said receivership in Louisiana for the purpose of bringing and conducting the litigation necessary to recover such sum as may be due from the said United Fruit Company to and in behalf of said Bluefields Company, and also for an order, when such receiver shall have been appointed, that he proceed to employ counsel and to bring and conduct such action as may be necessary in that behalf."

Upon the filing of the bill, the Circuit Court ordered:

"That Elmer E. Wood be and he hereby is appointed ancillary·receiver of the Bluefields Steamship Company, Limited, the defendant in the above case; no money or other property to be paid to or received by said ancillary receiver until he shall make report to this court and shall have entered such security as the·court may require. And it is further ordered that said ancillary receiver forthwith employ counsel and proceed within the jurisdiction of this court to recover from the United Fruit Company upon the cause of action set forth in the bill filed in this cause."

It is objected by the appellant that, as this suit was not brought "in the district of the residence of either the plaintiff or the defendant" (Judiciary Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), the Circuit Court was without jurisdiction to appoint the ancillary receiver. The appellee contends, however, that the appellant waived the objection referred to by appearing in the Circuit Court and prosecuting there a motion to vacate the order on grounds relating to the merits of the bill as well as on the ground that neither the complainant nor the defendant is a citizen of Pennsylvania. One of the five objections embodied in the written motion to vacate is that the suit was brought in the wrong district, but the other objections go to the substance and merits of the bill. Having invoked the judgment of the court on the merits of the case, the appellant cannot now properly object that the court had no jurisdiction of its person. In accordance with the decision in Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, this objection for the appellant must be overruled.

Nor do we yield assent to the appellant's argument that the power of a Circuit Court of the United States to appoint a receiver ancillary to a receivership in another jurisdiction is in any wise dependent upon diversity of citizenship of the parties in the ancillary suit. Where a court, having jurisdiction of the person of a defendant corporation, has determined by its decree to take possession of that corporation's property for the purpose of winding up its affairs, and has appointed a receiver to act as its officer in that behalf, such receiver has often been permitted, in cases not conflicting with local policy or the rights of local creditors, to prosecute suits in other jurisdictions for the recovery of debts or assets. Kirtley v. Holmes, 107 Fed. 1, 46 C. C. A. 102, 52 L. R. A. 738; Hurd v. Elizabeth, 41 N. J. Law, 1; Mabon v. Ongley Electric Co., 156 N. Y. 196, 50 N. E. 805; Lewis v. Clark, 129 Fed. 570, 64 C. C. A. 138; Converse v. Mears (C. C.) 162 Fed. 767. It is true that in Great Western Mining Co. v. Harris, 198 U.

S. 561, 25 Sup. Ct. 770, 49 L. Ed. 1163, it was held that an ordinary chancery receiver is a mere custodian for the court and has no estate in the property, and that comity does not authorize such a receiver to sue in a foreign jurisdiction. But where a receiver is, by the law under which he is appointed, a quasi assignee and representative of the creditors of a corporation, he may sue in a foreign jurisdiction. Bernheimer v. Converse, 206 U. S. 516, 534, 27 Sup. Ct. 755, 51 L. Ed. 1163.

Where the receiver has no such character, or where because of local policy or the rights of local creditors the rule permitting a receiver to sue in a jurisdiction other than the one in which he was appointed is not deemed applicable, a bill may be filed for the appointment of an ancillary receiver, and, on a proper showing, such a receiver will be appointed. In any such case the jurisdiction is analogous to that of a court to appoint a receiver on a proper bill in a suit ancillary to another suit or action pending in the same court. In a suit strictly ancillary to another suit pending in the same court, no subpoena ad respondendum is necessary. The parties are already in court. The service of a rule or of notice is all that is required to enable the court to proceed with the ancillary suit. So, where a defendant has been regularly brought into court in an original suit, and a receiver of his property has been appointed in that suit, another court, whose jurisdiction is invoked in aid of the original receivership, may proceed on the service of a rule or notice merely. Such service may be made on the defendant wherever he is found, or it may be published, as is the practice in the United States Circuit Court for the District of Maine. See preliminary statement in Conklin v. U. S. Shipbuilding Co. (C. C.) 123 Fed. 913, and Haydock v. Fisheries Co. (C. C.) 156 Fed. 988. Having been once brought into a court which has regularly acquired jurisdiction of his person in an original suit, and having there had a decree entered against him appointing a receiver to take possession of all his property wherever situate, the court in which the appointment of an ancillary receiver is sought will take jurisdiction of his person, upon the service of a rule or notice, precisely as if the original suit were pending in that court. Otherwise, the prevailing practice in the federal courts of appointing ancillary receivers in railroad and other cases of insolvent corporations whose property extends through or exists in different judicial districts and states is wrong. While an ancillary proceeding of the kind here considered will be controlled by the court before which it is prosecuted, and in that sense is an independent proceeding, its ultimate object is to aid the purpose of the original suit, and in that sense it is ancillary. Jurisdiction in such an ancillary suit therefore no more depends on diversity of citizenship than it does in a suit ancillary to an original suit pending in the same court. It depends alone on the existence of an original suit in one court which may properly be aided by proceedings in another court. It is unnecessary to refer to cases in which the federal courts have appointed receivers ancillary to receiverships in other jurisdictions without regard to the citizenship of the parties. There are many of them. One is Southern Railway v. Carnegie Steel Co., 176 U. S.

257, 20 Sup. Ct. 347, 44 L. Ed. 458, where ancillary receivers were appointed in ancillary suits for the Richmond & Danville Railroad Company in North Carolina, South Carolina, Georgia, Alabama, and Mississippi; the original suit having been brought in Virginia.

But the court whose aid is invoked must alone determine whether the case is a proper one for the appointment of an ancillary receiver. It cannot act intelligently, and therefore cannot tell what, in comity, it ought to do unless reasonable information has been communicated to it concerning the object which it is requested to aid. It follows that a bill seeking the appointment of an ancillary receiver should disclose the nature of the proceeding in which the receiver was appointed in the court of primary jurisdiction. In the proceeding now before us no affidavits accompanied the bill of complaint except the affidavit of the complainant himself to the effect that he had read the bill, that its contents were true save as to the matters stated on information and belief, and that, as to those matters, he believed them to be true. No copy of the bill of complaint filed in the court of Louisiana, or of the order of that court appointing a receiver there, accompanied the bill filed here. When the Circuit Court here appointed the ancillary receiver, the only information it had concerning the nature of the proceedings in Louisiana, or the ground on which the receiver was appointed there, was the allegation in the tenth paragraph of the bill filed here that on December 3, 1909, the complainant here filed a bill there "complaining of the Bluefields Company and others on account of the various matters and things set up in said bill, to which said bill the United Fruit Company was made a party defendant." Whether the receiver in Louisiana was appointed because of the insolvency of the Bluefields Company, or for some other reason, we are left to conjecture. When to these facts is added the other fact that the ancillary receiver was not appointed to take possession of any tangible assets of the Bluefields Company within the Eastern district of Pennsylvania nor to collect any debt due to the Bluefields Company from any citizen of that district, but that he was appointed for the sole purpose of prosecuting an action at law against a party not a citizen of or resident within that district, we think it becomes apparent that the order appealed from cannot be supported by any rule of comity or practice observed by our courts, federal or state. Comity is not a rule of law but one of practice, convenience, and expediency. It persuades, but it does not command. Mast, Foos & Co. v. Stover Manufacturing Co., 177 U. S. 488, 20 Sup. Ct. 708, 44 L. Ed. 856.

The rule cannot be properly invoked where the essential jurisdictional averments are absent. In the bill before us there are no such averments as would justify the appointment of an ancillary receiver for the limited purpose mentioned in the order, or for any other purpose. While the judgments and decrees of other courts are entitled to full faith and credit, in this case the Circuit Court had before it no judgment or decree of the Louisiana court. It was given no information whatever as to the nature of the proceeding on which the primary receiver was appointed. The bill of complaint does not ask for the appointment of an original receiver. The prayer is expressly limited

to the appointment of an ancillary receiver for a very limited purpose. It is useless, therefore, to consider whether the averments of the bill, outside of the tenth and eleventh paragraphs, would support the appointment of an original receiver, since no such receiver was appointed or prayed for. As we have seen, the single ground on which the receiver was sought was that he might institute a suit for and on behalf of the Bluefields Company against the United Company to recover damages for the injury done to the business of the Bluefields Company. The United Company, it appears, is doing business in Louisiana. It does not appear that it cannot be sued there. Indeed, on the argument before us the only reason given by the complainant's counsel for not suing the United Company in Louisiana is the one that in that state the statute of limitations bars a claim like that which the complainant insists the Bluefields Company has against the United Company after one year, while in Pennsylvania the period of limitation is six years. Instead of suing in Louisiana under the anti-trust act for treble damages for one year, the purpose is to sue in Pennsylvania under that act for treble damages for six years. Assuming that a court may take the property of a corporation from its possession and put it into the possession of a receiver merely because the board of directors of the corporation fraudulently refuse at the request of a stockholder to sue another party for damages and to the end that such receiver may sue for such damages—a question which we need not now consider—it does not appear that the Louisiana receiver was appointed on any such ground or for any such purpose.

But it is said that the order of the Louisiana court appointing a receiver on December 3, 1909, is before us. That is true. It was brought into the record by the defendant on its motion to vacate the order appointing the ancillary receiver. It declares that:

"Elmer E. Wood be and he is hereby appointed receiver of the defendant, the Bluefields Steamship Company, and directed to take possession of all its property and administer the same and its business and affairs under the direction of the court."

On January 18, 1910, the Louisiana court denied the motion of the Bluefields Company to vacate the order of December 3, 1909, and ordered:

"That the appointment of Elmer E. Wood, receiver, heretofore made, be in all things now confirmed, and pending the final hearing of this cause and until further order of this court the said receiver is directed to take charge and possession of the property, assets, and business of the said Bluefields Steamship Company, wherever situated, and that he be authorized and directed to manage, operate, conduct, and carry on the same, and to collect all money due to the said corporation."

These orders, however, cannot cure the infirmity of the bill of complaint. Besides, they fail to furnish any more information than does the bill as to the nature of the original suit, or the ground upon which the receiver was appointed in that suit. The bill is fatally defective in not setting forth facts sufficient to justify the appointment of an ancillary receiver. We leave untouched the question whether the law authorizes the appointment of a receiver for the mere purpose of su-

ing for treble damages under the anti-trust act, or whether, if so, an ancillary receiver may be appointed for the mere purpose of suing under that act in a jurisdiction where the statute of limitations is less liberal toward a wrongdoer than it is in the court of primary jurisdiction, or whether an ancillary receiver will be appointed for the mere purpose of suing a party who is a citizen and resident of another state. It is sufficient, for present purposes, to say that the bill of complaint does not support the order appealed from.

It is therefore reversed, with costs.

BUFFINGTON, Circuit Judge, dissents.