BLUEFIELDS S. S. CO., Limited, v. STEELE et al.

(Circuit Court of Appeals, Third Circuit. December 6, 1911.)

No. 11 (1,546).

1. RECEIVERS (§ 206*)—BILL FOR APPOINTMENT OF ANCILLARY RECEIVER—SUFFICIENCY.

A bill in a federal court for the appointment of an ancillary receiver for a corporation, in aid of a primary receiver appointed in the jurisdiction of the domicile of the corporation, *held* sufficient to authorize such appointment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 410; Dec. Dig. § 206.*]

2. RECEIVERS (§ 206*)—ANCILLARY RECEIVER—SUIT BY STOCKHOLDERS.

The ninety-fourth equity rule does not apply to a bill by a stockholder for the appointment of an ancillary receiver, to assist a receiver appointed by the court of primary jurisdiction in the performance of a duty required of him by the court, by bringing a suit in the district of the ancillary proceedings.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 206.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by Frederick M. Steele and others against the Bluefields Steamship Company, Limited. From an order appointing an ancillary receiver, defendant appeals. Affirmed.

Francis Rawle (Guilliaem Aertsen, Jr., on the brief), for appellant.

Alexander Simpson, Jr., and John G. Johnson (Ernest Dale Owen, on the brief), for appellees.

Before GRAY and LANNING, Circuit Judges, and CROSS, District Judge.

LANNING, Circuit Judge. [1] This case differs radically from the preceding one between the same parties, disposed of in 184 Fed. 584, 106 C. C. A. 564. There we held that the bill of complaint on which the Circuit Court had appointed an ancillary receiver was too defective to support the appointment. In the present case the bill declares that the United Fruit Company has acquired control of the Bluefields Steamship Company; that, through a subsidiary company, the United Company has controlled and dominated the business of the Bluefields

Company in a manner highly injurious to the latter company; that, in the suit pending in the court of primary jurisdiction (the United States Circuit Court for the Eastern District of Louisiana), the present complainant, Frederick M. Steele, filed a bill complaining of these things, praying for the appointment of a receiver "to take over the property and conduct the business of the said Bluefields Company, in order to get it out from under the control of said United Company," and averring that one of the special reasons for the appointment of a receiver, set up in the bill filed in the court of primary jurisdiction, was "that the said Bluefields Company has a large claim against and right of recovery from the said United Company, and that, by reason of the control aforesaid of the said Bluefields Company by said United Company, such claim was not being and would not be duly prosecuted as it should be," and that upon the bill so filed in the court of primary jurisdiction a receiver was appointed, who, under the order of that court, "took possession of all property and rights of the said Bluefields Company," and was directed "to manage, operate, and carry on" the business of the Bluefields Company, and "to collect all money due" to it. A verified copy of the order of the Circuit Court in Louisiana appointing the receiver there, and of the bill on which that appointment was made, was presented to the Circuit Court here when the bill in this ancillary proceeding was filed. That copy fully supports the allegations of the ancillary bill. It also appears that the United States Circuit Court of Appeals for the Fifth Circuit has affirmed the appointment of the receiver in Louisiana.

On these facts, the Circuit Court here appointed an ancillary receiver and directed him to employ counsel and proceed, within the jurisdiction of that court, to recover from the United Company upon the cause of action set forth in the ancillary bill.

[2] The appellant's objection that the ancillary suit is one requiring the observance of the ninety-fourth equity rule cannot prevail. The court of primary jurisdiction and the Circuit Court of Appeals of the Fifth Circuit have deemed the case a proper one for the appointment of a receiver, and that receiver has been directed to collect all moneys due to the Bluefields Company. The object of the ancillary suit is to aid that receiver in the performance of the duty thus required of him. Whether the Bluefields Company has a good and valid claim of the kind mentioned is not to be decided in this case, but in the action which the ancillary receiver will prosecute. The Bluefields Company, the appellant here, cannot sue, for the reason that its property has been taken from it, and it and its officers have been enjoined from interfering with the primary receiver's management. The Bluefields Company, moreover, is a corporate citizen of Louisiana. The receiver appointed in Louisiana is, therefore, not only the primary, but the domiciliary, receiver. The complainant, who is a stockholder in the Bluefields Company, contends that that company has a claim under anti-trust act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), for three times the damages it has sustained, against the United Company. Whatever is collected here by the ancillary receiver, less such costs as the Circuit Court here shall allow, must be turned

over to the domiciliary receiver, for administration under the orders of the court of primary jurisdiction. We think that neither the provisions of the ninety-fourth equity rule, nor the fact that the statute of limititations in Pennsylvania may allow recovery of damages for a longer period than does the statute of limitations in Louisiana, nor the fact that the United Fruit Company is a corporate citizen of New Jersey, and not of Pennsylvania—all of which the appellant urges as reasons for reversing the Circuit Court—should induce us to deny to the Circuit Court in Louisiana, and to its officer, the aid here applied for.

The decree is therefore affirmed, with costs.