## HUESTER et al. v. GILMOUR et al.
### No. 1209.

District Court, M. D. Pennsylvania.
Feb. 21, 1936.

Jerome K. Barrett, of Scranton, Pa., for plaintiffs.

Scragg & Scragg, of Scranton, Pa., for defendants.

WATSON, District Judge.

This is a bill in equity brought by plaintiffs, as stockholders of the Dollar State Bank & Trust Company, a Pennsylvania corporation, for themselves and for such other stockholders who may come in and contribute to the expense of this suit against certain individuals trading as copartners, seeking an accounting, judgment, and other relief for an alleged wrong by defendants against the Dollar State Bank & Trust Company.

The plaintiffs are all residents of the state of Pennsylvania. Nine of the defendants are residents of the state of New York; one is a resident of the state of Connecticut; one is a resident of the state of New Jersey; and two are residents of the state of Pennsylvania.

A motion to dismiss the bill of complaint for want of jurisdiction was filed by one of the defendants. Plaintiffs answered, admitting that the allegation of jurisdiction for the said bill of complaint is based on diversity of citizenship between the plaintiffs and defendants; and further admitting that all of the plaintiffs are residents of the state of Pennsylvania and that two of the defendants are residents of the state of Pennsylvania. For further answer, the plaintiffs aver that this is a stockholders' bill of complaint, which is a class suit, and as such is an exception to the rule as to diversity of citizenship.

The rule as to diversity of citizenship as a basis for federal jurisdiction is: "Federal courts do not have jurisdiction on the ground of diversity of citizenship unless that diversity exists between all the plaintiffs, on the one hand, and all the defendants, on the other, at the time suit is instituted." Osthaus v. Button et al. (C.C.A.) 70 F.(2d) 392, 393.

A "class suit" is one in which one or more members of a numerous class, having a common interest, sue in behalf of themselves and all other members of that class. This is a "class suit," and plaintiffs contend that, for that reason alone, the rule as to diversity of citizenship does not apply. But, in order that the exception to the rule may be applied, there must have been diversity of citizenship between the plaintiffs and defendants in their own behalf at the time the suit was brought, which did not exist in this case. Where there was diversity of citizenship between the plaintiffs and defendants in their own behalf, then the fact that other members of the class are citizens of the same state as that of the opposite party will not defeat the jurisdiction of the District Court.

The principle is well stated in Hughes Federal Practice and Procedure, vol. 2, p. 96, § 771: "The jurisdiction of a federal District Court over a suit against a resident, brought by nonresident members of a class for the benefit of all the class, is not defeated by the representation by the nonresident plaintiffs of members of the class, who are citizens of the same state as the defendant. The theory upon which this conclusion is reached is that there was diversity of citizenship between the plaintiffs and defendants, in their own behalf, and that the court, in exercising jurisdiction between them, could decree incidentally in favor of others of the class represented. Such a proceeding would be ancillary to the jurisdiction acquired between the original parties and it would be merely a matter of form whether the new parties, to be benefited as a class, should come in as co-complainants or before a master under a decree ordering a reference to prove the claims of all persons entitled to the benefit of the decree. If that course had been adopted no question could arise as to jurisdiction. The adoption of the alternative was held in substance the same thing."

As there was not diversity of citizenship between the plaintiffs and defendants in their own behalf, this court is without jurisdiction.

Now, February 21, 1936, the bill of complaint is dismissed for want of jurisdiction.