**RAFTERY v. SENTER et al.**

No. 1438.

District Court, E. D. Pennsylvania.

Sept. 10, 1941.

Francis W. Sullivan, of Philadelphia, Pa., for plaintiff.

Thomas B. K. Ringe, Ernest R. von Starck, and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendants.

George H. Huft and Bernard J. Kelley, both of Philadelphia, Pa., for intervening defendants.

WELSH, District Judge.

This matter is before the Court upon a motion to dismiss the bill of complaint of John Raftery filed on behalf of himself and other holders of certificates of participation in the Philadelphia Rapid Transit Company Co-operative Wage Fund, an unincorporated association.

The bill alleges that Mitten Management, Inc., and the Philadelphia Rapid Transit Company, which it operated, were dominated by Thomas E. Mitten; that Mr. Mitten conceived the idea of employee ownership of the Philadelphia Rapid Transit Company and caused its directors to establish the Philadelphia Rapid Transit Company Co-operative Wage Fund for the benefit of the employees. The Fund was created by contributions of 10% of the employees' wages, and was placed in the custody of Trustees chosen according to the regulations adopted, but who were under the control of Mitten and others concerned with the management. In pursuance of the plan, the Wage Fund acquired 51% of the stock of the Philadelphia Rapid Transit Company.

Thereafter Mitten and others who controlled Mitten Management, Inc., caused the organization of Mitten Bank Securities Corporation and retained control of the voting stock therein. The same persons then induced and persuaded the holders of participation certificates in the Wage Fund to consent to the exchange of the Philadelphia Rapid Transit Company stock, by the Wage Fund Trustees, for 7% preferred stock of the Mitten Bank Securities Corporation. Additional preferred stock was sold to the public.

Thereafter Mitten and others acting in concert with him embarked on a career of reckless dissipation and mismanagement of Mitten Bank Securities Corporation's assets, which finally resulted in the appointment by this Court of Receivers of Mitten Bank Securities Corporation. In the meantime the corporation had changed its name to Transit Investment Corporation.

It is alleged that although the Wage Fund had invested about twelve million dollars in Mitten Bank Securities Corporation, the Trustees neglected to examine the corporate books, and otherwise failed to exercise the discretion required of fiduciaries in the administration of assets in their care. The Trustees have not filed any accounting nor are the assets of the fund being properly managed for the best interests of the certificate holders, some of whom are employees of Transit Investment Corporation and former employees of Mitten Bank Securities Corporation. The Wage Fund is no longer active and no reason exists for its continuance in the custody of the Trustees.

Plaintiff bases his claim to jurisdiction upon averments that (1) this Court has custody of the Transit Investment Corporation receivership estate, and in order to render justice in that proceeding, it is essential that the Wage Fund, as a stockholder of Transit Investment Corporation, be represented by persons other than the present Trustees, and that (2) the Court should take judicial notice of the overlapping interests and interlocking directorates and the domination which existed between Transit Investment Corporation, Philadelphia Rapid Transit Company, the Wage Fund and the Mitten management groups. Plaintiffs' averment that the Wage Fund owns Philadelphia Rapid Transit Company stock is disregarded inasmuch as such fact is controverted.

The bill prays for the removal of the Trustees of the Wage Fund, the appointment of Receivers therefor, and for general relief.

Petitions of certain participation certificate holders and of the Philadelphia Rapid Transit Company Employees Union, as collective bargaining representative for all employees including a majority of Wage Fund certificate holders, for leave to intervene on behalf of the defendants, have been granted. They aver that the Trustees and the twenty-four members of the Co-operative Council which has jurisdiction of the Trustees are chosen equally from the employees and management, and that the employee members have carried out the will of the employees generally. No funds have been paid since 1932 into the Wage Fund, which is now in the process of liquidation, and that the interests of certificate holders might be adversely affected by receivership and the expenses incident thereto.

The motion to dismiss the bill of complaint is based upon the contention that the Court lacks jurisdiction of the subject matter, and also because there is no diversity of citizenship between the parties; and for the further reason that the plaintiff has failed to seek redress through the Trustees in compliance with Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

There is no diversity of citizenship between these parties which would in itself give jurisdiction. The plaintiff contends, however, that the Court should assume jurisdiction because the subject matter and issues are ancillary to the proceedings now pending in the Transit Investment Corporation receivership. It is argued that since the Wage Fund owns stock of the Transit Investment Corporation, and because the Trustees of such stock have breached their trust by mismanagement and collusion, it is incumbent upon the Court to assume jurisdiction for the purpose of replacing those Trustees by receivers who will more adequately represent the certificate holders; and that such action be taken as incident or ancillary to the parent proceeding involving administration of the affairs of Transit Investment Corporation.

The principal issue raised is as to whether or not this Court may take jurisdiction of the complaint as a cause incident or ancillary to the main cause involved in the pending Transit Investment Corporation receivership proceedings.

Ancillary jurisdiction exists, even in the absence of diversity of citizenship, where the matter before the Court is ancillary to the main cause in pending proceedings, or where it affects property already in the control of the Court. This principle is based upon the necessity to prevent abuse and injustice, to protect the jurisdiction and to assure the effectiveness of the processes of the Court. "For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and de-

termine all questions respecting the title, the possession, or the control of the property. * * * ancillary jurisdiction exists, although in the subordinate suit there is no jurisdiction arising out of diversity of citizenship or the nature of the controversy." Wabash R. R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 188, 52 L.Ed. 379.

The rule as to ancillary jurisdiction does not extend to problems involving the stock or stockholders of a corporation in receivership, but is confined to matters relating to the collection, preservation and distribution of the property in the custody of the Court. Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669. It is invoked "(1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce or obtain an adjudication of liens upon, or claims to, property in the custody of the court in the original suit." Campbell v. Golden Cycle Mining Co., 8 Cir., 141 F. 610, 612.

The default of the Wage Fund Trustees in the performance of their fiduciary duties under the regulations of their appointment does not appear to be in any way incident or ancillary to the administration of the affairs of the Transit Investment Corporation or to the causes involved in those proceedings. It is contended, however, that the complaint states a cause of action which necessitates equitable relief because the facts alleged, together with those developed in the pending proceedings, establish mismanagement, domination and collusion constituting a part of the parent action, and therefore incidental to its disposition. This argument is not persuasive, for whether or not such mismanagement or collusion existed, it is obvious that the parent receivership proceedings involving the administration of the property and business of Transit Investment Corporation, may not be extended to include an administration of the interests of stockholders or to settle issues between them and their trustee representatives. Such issues and rights must be established in a proceeding not considered ancillary to any matter pending before this Court, and by a tribunal having unquestionable jurisdiction.

The certificate holders may have causes of action for the removal of the Trustees for breach of duty, for accounting or for surcharge because of mismanagement or collusive conduct with others who were connected with Transit Investment Corporation. But this Court may not take jurisdiction of such causes where there is no diversity of citizenship, and where the assumption of jurisdiction would not accomplish a purpose useful to the parent action; nor will it appoint receivers if such appointment is not ancillary to some form of final relief which it is appropriate for the equity court to give. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763.

The complaint does not establish that the plaintiff's cause is within the rules requiring the Court to assume ancillary jurisdiction. The rights of certificate holders may, however, be adequately protected in other available tribunals having unquestionable jurisdiction, and the inability of this Court to take jurisdiction should work no hardship upon the plaintiff if his cause is just. In view of the principles discussed, it is unnecessary to comment upon other issues raised or suggested.

The motion to dismiss the bill of complaint is granted.