### KELLEY et al. v. QUEENEY et al.
#### Civ. No. 805.

District Court, W. D. New York.

Nov. 17, 1941.

J. Francis Harter and Harter & Schork, all of Buffalo, N. Y., for plaintiffs.

J. C. Sweeney and Killeen & Sweeney, all of Buffalo, N. Y., for defendants I. R. C., Emil Richter and Joseph A. Queeney.

KNIGHT, District Judge.

The plaintiffs are trustees of the Transit Investment Corporation and the Pennsylvania Acceptance Corporation. The Pennsylvania Acceptance Corporation has no interest in the subject matter of this suit.

The plaintiffs allege that, as trustees of the Transit Investment Corporation, they are the owners of voting trust certificates representing shares of the capital stock and certain bonds of the defendant International Railway Company. On May 28, 1940, they were appointed as such trustees by the District Court of the United States for the Eastern District of Pennsylvania. The three individual defendants are the voting trustees of the capital stock of the defendant corporation under a voting trust agreement dated December 5, 1935, pursuant to which the voting trust certificates held by the plaintiffs were issued. The defendant corporation is made a party herein upon the theory that it is a corporate beneficiary of the voting trust agreement. The action is brought to compel the removal of the individual defendants as voting trustees and the cancellation of the aforesaid voting trust agreement; to compel the individual defendants to account to the plaintiffs for damages sustained by the plaintiffs; and also to restrain the defendant corporation from making any further payments to defray the expenses and compensation to said voting trustees and cancellation of management contract with a New Jersey corporation which is not a party to the action.

Defendants International Railway Company, Emil Richter and Joseph A. Queeney now move to dismiss this action on the ground that the court lacks jurisdiction because all of the plaintiffs and two of the defendants are citizens of the same state.

The defendant Joseph A. Queeney also moves to quash the service of summons upon him upon the ground of the lack of jurisdiction in the court because the action is not brought either in the district of the residence of the plaintiff or the district of the residence of the defendant Queeney. The defendant Joseph McIlhenney has not been served with process.

The complaint alleges that the plaintiffs are citizens of the Commonwealth of Pennsylvania and the defendants Joseph A. Queeney and Joseph McIlhenney are citizens of the Commonwealth of Pennsylvania, and that the defendants Emil Richter and International Railway Company are citizens of the State of New York. The complaint alleges that jurisdiction is founded on diversity of citizenship and that the action involves a controversy wholly between the parties as citizens as aforesaid. No other ground of federal jurisdiction is alleged. The District Court has such jurisdiction only as is provided by statute. It has jurisdiction "where the matter in controversy exceeds * * * " and where the suit "is between citizens of a State" and foreign States, citizens, or subjects. Title 28, Section 41, subd. 1, U. S.C.A.; U.S.Const. Art. III, Section 2.

The jurisdiction of the Federal Court is to be determined by the pleadings, and the plaintiff must allege jurisdictional facts. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Thompson v. Moore, 8 Cir., 109 F.2d 372. The court lacks jurisdiction unless all persons on one side of a suit are citizens of different states from all persons on the other side. Smith v. Lyon, 133 U.S. 315, 10 S.Ct. 303, 33 L. Ed. 635; Hooe v. Jamieson, 166 U.S. 395, 17 S.Ct. 596, 41 L.Ed. 1049; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Sweeney v. Carter Oil Co., 199 U.S. 252, 26 S.Ct. 55, 50 L.Ed. 178; Raphael v. Trask, 194 U.S. 272, 24 S.Ct. 647, 48 L.Ed. 973. Jurisdiction is lacking if any indispensible defendant is a citizen of the same state as any plaintiff. Blake v. McKim, 103 U.S. 336, 26 L.Ed. 563; Crump v. Thurber, 115 U.S. 56, 5 S.Ct. 1154, 29 L.Ed. 328; Hanrick v. Hanrick, 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685; People of State of Illinois, etc., v. Boyer,

D.C., 40 F.Supp. 894, and cases there cited. The defendants Queeney and McIlhenney, residents of Pennsylvania, are indispensible parties. Their interest is "of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Shields et al. v. Barrow, 17 How. 130, 139, 15 L.Ed. 158; Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; Berg v. Merchant, 6 Cir., 15 F.2d 990; Von Herberg v. City of Seattle, 9 Cir., 27 F.2d 457; Nagle v. Wyoga Gas & Oil Corp., D.C., 10 F.Supp. 905; Huester v. Gilmour, D.C., 13 F.Supp. 630; Stapleton Nat'l Bank v. Union Trust Co., D.C., 288 F. 380.

■ Plaintiffs assert that the Federal Courts having jurisdiction over the Transit Investment Corporation, as it did in the Pennsylvania jurisdiction, this court has jurisdiction over this action as ancillary thereto and that under such circumstances jurisdiction does not depend on diversity of citizenship. It is not believed that this is the law. Without showing diversity of citizenship, ancillary action can be brought only in the court in which the main action was brought wherein the plaintiffs were appointed trustees, and this was the Eastern District of Pennsylvania. In Sullivan v. Swain, C. C., 96 F. 259, it was said: "Where a receiver * * * brings an action in the court which appointed him, such court has jurisdiction of the action * * *; but in such a case the jurisdiction is upheld on the ground that the action is but auxiliary to * * * the original suit * * *. This ground of jurisdiction, however, manifestly does not exist where the receiver sues in a jurisdiction other than that of his appointment."

In Ferguson v. Omaha & Southwestern R. R. Co., 8 Cir., 227 F. 513, ancillary suit is defined as one "growing out of a prior suit in the same court." In Murphy v. John Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 156, 53 L.Ed. 327, it is said: "Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

In Raphael v. Trask, supra [194 U.S. 272, 24 S.Ct. 649, 48 L.Ed. 973], it was said: "Ancillary bills are ordinarily maintained in the same court as the original bill is filed, with a view to protecting the rights adjudicated by the court in reference to the subject-matter of the litigation, and in aid of the jurisdiction of the court, * * *."

The facts in this last-cited case are fairly comparable to those in the case at bar. In Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 165, 79 L.Ed. 338, the court said that in Raphael v. Trask, supra, it was "intimated that the jurisdiction of a federal court cannot be based upon an original suit in another federal court" and Winter v. Swinburne, C.C., 8 F. 49, is there pointed out as an authority to the same effect as Raphael v. Trask, supra. In Raftery v. Senter, D.C.E.D.Pa., 41 F.Supp. 807, decided September 10, 1941, a citizen of Pennsylvania, certificate holder of a cooperative Wage Fund of the Philadelphia Rapid Transit Company, brought suit on his own and on behalf of other certificate holders against trustees of the Wage Fund asking their removal. Plaintiff and the trustees were citizens of Pennsylvania. There jurisdiction was claimed on the ground that the action was ancillary to the action in the same court in which the trustees, the plaintiffs in this suit, had been appointed. The court held that the action was not ancillary and dismissed the complaint. Vide also Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145. Sullivan v. Swain, supra; Winter v. Swinburne, supra.

Numerous cases are cited by the plaintiffs in support of this ground for claiming jurisdiction. Each of these cases, except Bluefields S. S. Co. v. Steele, 3 Cir., 184 F. 584, is a case in which the ancillary action was brought in the court in which the main action was brought. All of these are in accord with the holding in Security Trust Co. v. Village of Grosse Pointe, D. C., 32 F.2d 706, that the District Court which appoints a receiver has jurisdiction to entertain a suit by the receiver as ancillary to its jurisdiction, in a cause in which the receiver was appointed, notwithstanding all the parties to the suit by the receiver which was appointed were residents of the same state. In Goldman v. Staten Island National Bank & Trust Co., 2 Cir., 98 F.2d 496, 497, the court said: "* * * receivers appointed under a credi-

tors' bill may file ancillary suits in the district court to collect the assets of the corporation, and that the court's substantive jurisdiction is independent of the diversity of citizenship between the parties."

And with these conclusions there is no disagreement here. In Bluefields S. S. Co. v. Steele, supra, the plaintiff brought suit in the Eastern District of Pennsylvania for the appointment of ancillary receiver. He had theretofore brought suit against the same defendant and obtained the appointment of a receiver in Louisiana. Steele resided in Illinois. Defendant was a Louisiana corporation. The court overruled objection to the jurisdiction because neither party was a resident of the district where suit was brought, holding that the defendant "having invoked the judgment of the court on the merits of the case, the appellant cannot now properly object that the court had no jurisdiction of its person." [184 F. 586.] The court there did hold that its power to appoint an ancillary receiver was not dependent upon diversity of citizenship, but the difference in the facts in that case and in those present here are definite and clear. This case is, therefore, not an authority for plaintiffs' contention. (1) It was not a suit for the appointment of an ancillary receiver; (2) there was diversity of citizenship; (3) the action there was, and the action here is not, between the same parties.

The whole theory of the appointment of an ancillary trustee or receiver is that where property in dispute is in the possession of the court, the court has ancillary jurisdiction to determine all questions respecting the title to, or the possession or control of such property. The ancillary jurisdiction is based upon the fact that the property is in the jurisdiction in which the ancillary receiver is appointed. The court "having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property, * * *." Murphy v. John Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 156, 53 L. Ed. 327.

As is said in Clark on Receivers, 2d Ed., Vol. 1, p. 760: "In order that the taking possession of and maintaining possession by the appointing court should not result in injustice, the appointing court has inherent ancillary jurisdiction, pending its possession, to hear and determine all petitions for relief presented to it in respect of possession and control of the res."

In the instant case the plaintiffs do not seek to take into their possession any property. The action does not involve possession of property but rather the action of the defendants as directed to their conduct as trustees.

It is another contention of the plaintiffs that it is unnecessary to obtain an ancillary appointment because in the New York State courts a foreign receiver may sue without first securing ancillary appointment. Counsel points attention to the provision of Rule 17(b) of the Rules of Civil Procedure for the District Courts, 28 U.S.C.A. following section 723c, in which, among other things, it is provided that: "The capacity of a corporation to sue * * * shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held." In numerous cases it has been held that a foreign receiver may sue in the state court of the state of New York although he has not procured ancillary appointment. Shipman v. Treadwell, 200 N.Y. 472, 93 N.E. 1104; Mabon v. Ongley Electric Co., 156 N.Y. 196, 50 N.E. 805; Bicknell v. Lloyd-Smith, 2 Cir., 109 F.2d 527, 529, certiorari denied 311 U.S. 650, 61 S.Ct. 15, 85 L.Ed. 416. The preceding provision of such rule, however, does not apply to suits brought by receivers in the Federal Courts. Rule 66 provides that "the practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States * * *." Judge Hand in Bicknell v. Lloyd-Smith, supra, pointed the distinction between that case, which was a suit in a state court by a foreign receiver appointed in a state court, and a suit in the Federal Court by a receiver appointed in a Federal Court, and in referring to the drafting of the Rules of Civil Procedure, said: "The committee did not wish to undertake a revision of the practice in federal receiverships; it was a long and hard task, and, besides, reörganization had very recently been taken over as part of bankruptcy, and was pretty plainly still in flux

1020

anyway. Therefore they provided that federal receiverships should continue to be governed as they had been before; * * *."

As to the practice in the Federal Courts prior to the enactment of the Rules of Civil Procedure, see Booth v. Clark, 17 How. 322, 15 L.Ed. 164; McCandless v. Furlaud, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202; Collins v. McDonald, 68 App.D.C. 386, 98 F.2d 258; Moore's Federal Practice, Vol. 3, p. 3337; Vol. 2, p. 2091.

■ Another question raised by the plaintiffs is that defendants McIlhenney and Queeney must be deemed to be residents of New York so far as this action is concerned, since they are being sued in the capacity of voting trustees, as the holders of legal title, of stock of a New York corporation; that since these defendants are being sued in their capacity as shareholders of corporation organized under the laws of New York State they must, for the purposes of this action, be presumed conclusively to be citizens of New York, and therefore there is diversity of citizenship between the plaintiffs and the defendants, within the meaning of Section 24 of the Judicial Code. Plaintiffs cite in support of his contention Levering & Garrigues Co. v. Morrin et al., 2 Cir., 61 F.2d 115, affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; St. Louis & San Francisco Ry. Co. v. James, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802. The distinction from these cases is clear. The rule of law as shown by these decisions is that such shareholding is only for the purpose of showing diversity of citizenship between the corporation and the plaintiffs, not as between stockholder and an opposite party. The quotation taken from Levering & Garrigues Co. v. Morrin [61 F.2d 117], by the plaintiffs, points the difference by this expression: "their [shareholders] citizenship is then attributed to the corporation." It is to be pointed out that the complaint does not base jurisdiction on this ground. Further, the allegation of the complaint is that the defendants Queeney and McIlhenney are citizens of the State of Pennsylvania. As pointed out by the defendants, the complaint alleges that the plaintiffs own stock of the defendant corporation and, if plaintiffs' position were sound, there would be no diversity of citizenship between the plaintiffs and the defendant corporation in this action. The rule as we have stated it was settled by the Supreme Court in Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606, and the reason for the rule is there given. The same conclusions are drawn in numerous cases, among which are Nagle v. Wyoga Gas & Oil Corp., D.C., 10 F.Supp. 905, 906, wherein it is said: "Such presumption has no relation to the citizenship of individuals as parties to a controversy in their own right." Utah-Nevada Co. v. De Lamar, 9 Cir., 133 F. 113, certiorari denied 199 U.S. 605, 26 S.Ct. 746, 50 L.Ed. 330; Hanchett v. Blair, 9 Cir., 100 F. 817.

■ Regardless of how he sues, as representative or trustee or receiver, for the purpose of determining jurisdiction on the ground of diversity of citizenship, the actual individual citizenship of the party controls. The law is that citizenship of such a party is his actual individual citizenship. City of New Orleans v. Whitney, 138 U.S. 595, 606, 11 S.Ct. 428, 34 L.Ed. 1102; Trower v. Stonebraker-Zea Live Stock Co., D.C., 17 F.Supp. 687. Defendant Queeney moves to quash the service of the summons upon him by virtue of Section 51, Judicial Code, Title 28, Section 112 subdiv. (a), U.S.C.A., which provides that "Suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The plaintiffs seek to maintain the action against the defendant Queeney on the ground that this is an action to remove an incumbrance, lien or cloud upon the title to personal property located within the district. The fallacy of this contention lies in the fact that this is not an action in rem but one in personam. It therefore does not come within the contemplation of Section 57. "The presence of the property, real or personal, within the district of suit is essential to the exercise of the limited jurisdiction conferred by section 57." 28 U.S.C.A. § 118; Wilhelm v. Consolidated Oil Corp., 10 Cir., 84 F.2d 739, 746. This is a suit sought to rescind the voting trust agreement to compel defendant corporation to cancel certain agreement and with removal of certain officials. Even assuming the suit were one in rem, there is no proof that any order was made directing the service of the summons outside this district. Although not necessary to be determined, this court holds this ground is well taken.

The motions to dismiss are granted.