### HANNAN et al. v. SLUSH et al.

(District Court, E. D. Michigan, S. D. July 26, 1922.)

No. 461.

1. **Courts ☞273—Federal court held without jurisdiction, where complainants and indispensable party were citizens of other states.**

    To a suit by heirs and legatees of a testator in part to enjoin carrying out of a settlement between the trustees under the will and testator's widow, the widow *held* an indispensable party, and a federal court *held* without jurisdiction, on the ground of diverse citizenship, where neither she nor complainants were citizens of the state of suit.

2. **Courts ☞269—Federal court held without jurisdiction of suit as local; "lien on specific property;" "claim to specific property."**

    A suit by heirs and legatees of a testator to enforce their claims to cash legacies and other interests in cash and securities of the estate is not one to enforce a "lien upon or claim to" specific property, which gives a feder-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

al court jurisdiction, in the absence of an indispensable party, under Judicial Code, § 57 (Comp. St. § 1039).

In Equity. Suit by Charles R. Hannan, Jr., and another, against Matthew Slush and others. On motion to dismiss bill. Motion granted.

John R. Rood, of Detroit, Mich., for plaintiffs.

Harry Helfman, of Detroit, Mich., for defendant Luella Hannan.

TUTTLE, District Judge. This is a motion to dismiss the bill of complaint herein on the grounds that defendant Luella Hannan is not a citizen of Michigan nor resident of this district, and that, as the bill on its face shows that she is an indispensable party, and that the jurisdiction of this court is based upon alleged diversity of citizenship, said bill should be dismissed for lack of the necessary jurisdiction.

Plaintiffs rest their arguments in support of the existence of such jurisdiction upon the contentions: (1) That the said defendant is not an indispensable party to this suit; and (2) that her citizenship or residence is immaterial as this is a "local suit," and within the provisions of section 57 of the Judicial Code (Comp. St. § 1039).

[1] 1. The bill of complaint alleges that said defendant is a resident and citizen of the state of California, and that the plaintiffs are citizens and residents of the state of Iowa. If, therefore, said defendant is an indispensable party, and if this suit does not fall within the provisions of section 57 of the Judicial Code, the bill, based as it is upon diversity of citizenship, must be dismissed. Camp v. Gress, 250 U. S. 308, 39 Sup. Ct. 478, 63 L. Ed. 997.

The bill alleges in substance that one William W. Hannan, a resident of Detroit, in this district, died testate in 1917, leaving a large estate, in said district and elsewhere, and a will, copy of which is attached to said bill, and expressly made a part thereof; that the plaintiffs are nephew and niece, respectively, of the testator, and entitled under the law to one-half of the real and personal estate of said testator of which he may have died intestate; that by the express terms of the aforesaid will each of the plaintiffs is entitled to a legacy in the sum of $50,000; that the value of the said estate owned by the testator at the time of his death was in excess of $5,000,000, which has since greatly increased; that in the said will, which was duly probated, provision was made for said defendant Luella Hannan, who was also named therein as one of three trustees, one of whom, Flavius L. Brooke, has since died, and the other, Matthew Slush, is one of the defendants, but it was further provided that, if the said defendant Luella Hannan, who was the wife of the testator, should elect to take otherwise than according to the provisions of the will, the said provisions therein made for her and for certain of her relatives, defendants herein, should be deemed revoked, canceled, and of no effect; that, about a year after the death of the testator, his said widow, while misinformed as to the facts and her rights thereunder, and while mentally incompetent, filed in the probate court a void election to take under the said will according to its provisions, instead of the provision which she might have had by the statutes of Michigan, notwithstanding the said will; that about a year later said widow, declaring that her said election was made by her when incompetent, men-

tally and physically, to do so, and without knowledge of the facts and law affecting her rights in the premises, filed a bill in this court, to which the present plaintiffs were not parties, wherein the said defendant Luella Hannan "sought to void her election to take under the said will, and to have declared and paid to her her share as widow of the said testator under the laws of the state of Michigan, notwithstanding the said will"; that after the filing of the said bill defendant Matthew Slush, as surviving trustee, entered into negotiations with the said defendant Luella Hannan, and agreed in writing with her to pay to her, in settlement of her claims as widow and of her rights in the premises, a lump sum demanded by the said Luella Hannan, entirely different from and contrary to the provisions made for her by the terms of the said will; that in furtherance and execution of the said settlement a consent decree was entered in the aforesaid suit, dismissing the bill therein, and said settlement agreement was approved by the aforesaid probate court without the knowledge of, and without any notice to, the plaintiffs, or any heirs or legatees of said testator; that the said trustee, Matthew Slush, "in his said dealings with the said Luella Hannan" and with her said relatives, is assuming and threatening "to pay the major portion of the cash and liquid assets of the said estate to the said Luella Hannan" and her said relatives, "in violation of the rights of these plaintiffs, whereby the proper and timely satisfaction of the legacies of these plaintiffs under the said will are imperiled"; that, notwithstanding her election as aforesaid to take otherwise than under the will, the said Luella Hannan now claims that she is still entitled to act as trustee thereunder (although, by reference to the copy of said will attached to the bill, it appears that it was provided in said will that, if the said widow elected to take otherwise than under the will, said will was to be read as if it named said Flavius L. Brooke and Matthew Slush, and no one else, to be trustees thereunder); that the effect of the conduct of the said Luella Hannan in demanding and making the said settlement was to revoke and cancel all provisions made in the will for her and her said relatives, but that nevertheless the said defendant Slush, "now pretending to act in conjunction with the said Luella Hannan" and with a certain trust company (alleged by plaintiffs to be acting as cotrustee without authority as such), is threatening to pay said relatives said provisions made for them in the will as already stated, as if the said widow had accepted the provisions made for her in the said will, which threats are alleged to be contrary to the terms of said will and in violation of the rights of the plaintiffs as heirs and distributees of the said testator; that, assuming to act under and by virtue of the powers conferred upon her by the will, the said Luella Hannan has assumed to appropriate $2,-500,000 of the residue of the said estate for the erection of a memorial in the city of Detroit to the said testator, to be known as the Hannan Memorial Hall, and that the said trustee Slush is now threatening to use a large portion of the liquid assets of the said estate to provide for the erection of the said memorial, thereby violating the rights of the plaintiffs, "contrary to the manifest intention of the testator"; that "by the law of the state of Michigan, by which said estate is governed, all property belonging to the said William W. Hannan at the time of his decease, after payment of debts and costs of administration, and not

duly and lawfully disposed of by his will, and all property disposed of by the said will and not accepted and received by the devisees and legatees under the said will exactly according to its terms, descended to and became the property of his heirs and distributees under the laws of the state of Michigan, whereby these plaintiffs became and are entitled to one-half of the same."

The bill prays that the rights of the plaintiffs and of the said defendant Luella Hannan, and of the other defendants, under and in connection with said will, be determined by this court; that payment of any part of the estate involved contrary to the aforesaid rights be enjoined; that an accounting be ordered between the defendants and the plaintiffs; that the legacies due to the plaintiffs under the will, as this court shall determine to be according to the intention of the said testator and the rights of the plaintiffs, be decreed to be paid to them; and for general relief.

It is too plain for argument or discussion that, according to the express averments of this bill, the defendant Luella Hannan has an interest in the subject-matter of this suit which will be so affected by the relief prayed that such relief cannot be granted, nor can an effectual decree be made herein, without the presence of said defendant as a party. As, therefore, such presence would oust this court of the jurisdiction invoked by plaintiffs, and as this defendant is an indispensable party, it is apparent that the contentions of defendants in this connection must be sustained, and the bill dismissed, unless the jurisdiction of the court can be established on some other ground.

[2] 2. It is urged by plaintiffs that this case is within the purpose and scope of section 57 of the Judicial Code, and that for this reason the citizenship and residence of defendant Luella Hannan are immaterial. The section mentioned provides that "when in any suit commenced in any District Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto," service upon the absent defendant or defendants may be obtained by publication in the manner prescribed in such section, and that upon proof of the service or publication of such notice and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such case in the same manner as if such defendant had been served with process within the said district. It is further provided that said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which has been the subject of the suit and under the jurisdiction of the court therein, within such district.

This court had occasion recently to consider the meaning and effect of section 57. In the written opinion in the case of Waterloo Creamery Co. v. National Bank of Commerce (No. 465 in equity, filed June 30, 1922) 282 Fed. 197, in holding such section inapplicable to the facts there involved, the following language was used:

"The gist of this suit is a personal decree against the defendants as individuals, and that this is a proceeding essentially and in substance in personam. It is not, either in form or in substance, a suit to enforce or to remove a 'lien upon, or claim to * * * or cloud upon the title to real or personal property within' this district. If an adjudication were had after the constructive service provided for absent defendants, such adjudication clearly would not 'affect only the property.' The suit is not 'local' in nature, but, on the contrary, is 'transitory.' It follows that this suit is not within the provisions of section 57 of the Judicial Code."

The language quoted is equally applicable to the facts in the present case. It is clear from the face of the bill herein that plaintiffs are not seeking to enforce any "lien upon or claim to" any specific property located within this district, and that any decree rendered herein in the absence of the defendant widow would not "as regards said absent defendant * * * affect only * * * property" which is the "subject of the suit and under the jurisdiction of the court therein, within such district." Not only is there no allegation or showing in the bill that plaintiffs are claiming any specific res having a local situs·in this district, but the bill itself alleges that:

"Since the decease of the said testator the said estate has largely appreciated in value, and has, for the most part, been converted into cash and securities payable in money."

It is obvious that this is not a local suit, but a transitory one. The subject of this suit is not any particular localized property, but merely a claim to the amount of cash to which plaintiffs contend that they are entitled as their share of the proceeds of the estate of the deceased. This not being the kind of "claim" to which section 57 relates, the provisions of said section do not apply to the present suit to enforce the kind of claim here involved.

For the reasons stated, a decree must be entered, dismissing the bill.