STAPLETON NAT. BANK et al. v. UNION TRUST CO.

(District Court, E. D. Michigan, S. D.   March 31, 1923.)

No. 509.

Courts ⬤⟿273—Federal court without jurisdiction, where complainants and indispensable party were citizens of other states.

To a suit by holders of notes of a corporation secured by pledge of securities and other property with a trustee, to set aside certain transactions between the corporation and trustee, alleged to be in violation of the trust, the corporation *held* an indispensable party, and a federal court *held* without jurisdiction, where neither complainants nor the corporation were citizens of the state of suit.

In Equity. Suit by the Stapleton National Bank and others against the Union Trust Company. On motion to dismiss bill. Granted.

Goodenough, Voorhies, Long & Ryan, of Detroit, Mich., for plaintiffs.

Campbell, Bulkley & Ledyard, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion by the defendant to dismiss the bill of complaint on the ground that one or more indispensable parties to the controversy involved in this suit are not, and cannot be brought, before the court as parties defendant. One of the parties so claimed to be indispensable is the Marquette Iron Company, hereinafter called the Iron Company.

The material allegations of the bill, which are set forth therein with much detail, are in substance as follows:

That plaintiffs, some of whom are citizens and residents of the state of New York and some of the state of New Jersey, are holders of certain so-called trust notes issued by the Marquette Iron Company (hereinbefore mentioned), a Delaware corporation, as part of a series of such notes issued in the principal amount of $3,000,000, in August, 1917, by said Iron Company, which at the same time, to secure the payment of said trust notes, executed and delivered a certain trust instrument to the Guardian Savings & Trust Company of Cleveland, Ohio, as trustee, whereby the said Iron Company pledged certain corporate stocks held by it on the terms and conditions of such trust instrument (copy of which is attached to and made a part of the bill); that shortly thereafter said Iron Company assigned to said trustee as further security certain rents and royalties due to said Iron Company under various leases; that in April, 1919, said Guardian Savings & Trust Company resigned and abandoned its office as such trustee; that in May, 1919, said Iron Company attempted and assumed to appoint the defendant, Union Trust Company, as trustee under said trust instrument, and said defendant consented to act, and ever since has acted, as such trustee; that said Iron Company, although doing business in Michigan, has never been legally authorized so to do, and that therefore the contract between it and defendant was invalid as to the plaintiffs; that in January, 1920, said Iron Company caused one of its subsidiary companies

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to convey to defendant an interest in certain land and shares of stock to further secure said note issue; that in November, 1920, said Iron Company agreed to sell to a certain Minnesota corporation property covered by said trust instrument for $2,400,000, conditional on the release from said trust instrument of such property so covered thereby; that such release could not be given by defendant, because the procedure prescribed by such instrument as necessary in order to effect such a release had not been followed; that it was therefore arranged between said Iron Company and defendant that a release of the entire trust would be effected, in accordance with said trust instrument, by the deposit with defendant of a sum sufficient to redeem, at the price provided in said trust instrument, all of said notes then outstanding; that pursuant to such arrangement, as embodied in a written agreement between the Iron Company and the defendant, the sum of $1,800,000 (being a part of said $2,400,000) was so deposited with defendant and said release thereupon executed by the latter; that it thereby became the duty of the defendant to use such sum so received to redeem the outstanding notes held by plaintiffs, but that the defendant has refused so to do, although plaintiffs have made demand therefor; that defendant has wrongfully consented to the diversion of said sum from its proper use by defendant for the benefit of plaintiffs to its appropriation to uses which would benefit said Iron Company and said defendant at the expense of plaintiffs, in violation of the terms of said trust; that defendant has consented to the use of a large part of said sum by said Iron Company in paying its own obligations; that defendant endeavored, by a certain agreement entered into between it and the Iron Company, to give to said Iron Company the right to compel private redemption of such trust notes at a special, preferential price, which was a wrongful preference, and made it possible for the Iron Company to deplete said trust fund unlawfully and at the expense of plaintiffs and other note holders; that such agreement and release constituted an unauthorized and wrongful attempt by defendant to substitute, for the security held by it under executed contracts of conveyance, an executory agreement of the Iron Company to return to said defendant the same security on demand of said defendant; that thereafter defendant wrongfully permitted the Iron Company to use a large part of the remaining balance of the sum deposited as aforesaid in the ostensible purchase by said Iron Company of certain other property from another subsidiary corporation of the Iron Company all of the stock of which subsidiary was owned by said Iron Company, and which so-called purchase was "a purchase in name only, and was in fact a mere pretense and a sham"; and that "by reason of the existence of the aforesaid private agreements altering the trust instrument in the interest of the trustor and the trustee at the expense of the noteholders," the value of said trust notes as an investment has been greatly impaired. The bill prays, among other things, that a receiver may be appointed "to take and hold the trust property and administer the said trusts"; that defendant may be enjoined from acting as trustee under any of the agreements, conveyances, and instruments mentioned, and that "the attempted appointment of the defendant Union Trust Company as trustee in the trust instrument and royalty assignment aforesaid, and in all sup-

plemental agreements, conveyances, and assignments, may be declared null and void." There are other prayers for relief not material to the question here involved.

It is apparent, from the allegations in the bill concerning the transactions and relations between the defendant and the Marquette Iron Company referred to, that the latter company, as a party to such transactions and relations and to the various contracts and instruments thus involved in and constituting the subject-matter of this controversy, is so directly and vitally interested in and affected by the relief sought in this suit that such relief cannot be granted nor an effectual decree made herein without the presence of said company as a party defendant to the suit. Niles-Bement-Pond Co. v. Iron Molders' Union, 254 U. S. 77, 41 Sup. Ct. 39, 65 L. Ed. 145; Arkansas Southeastern Railroad Co. v. Union Sawmill Co. (C. C. A. 5) 154 Fed. 304, 83 C. C. A. 224; Hidden v. Washington-Oregon Corporation (D. C.) 217 Fed. 303; Hannan v. Slush (D. C.) 283 Fed. 211. As said company is not such a party defendant—indeed, not being a citizen of Michigan, could not be, without destroying the diversity of citizenship on which the jurisdiction of the court in the present suit is based (Camp v. Gress, 250 U. S. 308, 39 Sup. Ct. 478, 63 L. Ed. 997)—it results that the motion to dismiss must be granted for lack of an indispensable party to the cause, and an order to that effect will be entered.